IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SCOTTY WAYNE HENRY, | |
| Petitioner, | CIVIL ACTION NO.: 2:24-cv-45 |
| v. | |
| WARDEN JOHNNY FITZ, | |
| Respondent. | |

**O R D E R**

Petitioner Scotty Henry ("Henry"), who provided an address in Drummonds, Tennessee, submitted for filing a document that was docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. Doc. 1. Though not clear, it appears Henry complains of events occurring in the State of Tennessee, and he names the Warden of West Tennessee State Penitentiary as the Respondent.[1] Id. at 2.

It is prudent to address the venue of this action. All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a State court," § 2241(d) specifies the "respective jurisdictions" where a § 2254 petition may be heard. Under § 2241(d), a person in custody under the judgment of a state court may file his § 2254 petition in the federal district (1) "within which the State court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926,

---

[1] What is clear is Henry is not attacking any conviction obtained or criminal proceedings occurring within the Southern District of Georgia. Doc. 1.

933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice," transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d).

In enacting § 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction." Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), report and recommendation adopted, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001)); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").

The place of the conviction Henry appears to seek to challenge lies in Tennessee, and the Respondent is the Warden in a facility in Henning, Tennessee. Henning, Tennessee, lies in Lauderdale County, which is located in the Western Division of the Western District of Tennessee. 28 U.S.C. § 123(c)(2). Consequently, the Court **ORDERS** this action be transferred to the United States District Court for the Western District of Tennessee, Western Division. The Court **DIRECTS** the Clerk of Court to **TRANSFER** this case to the United States District Court

2

for the Western District of Tennessee, Western Division.

**SO ORDERED**, this 17th day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA